UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| TRICIA L. ROYAL,<br><br>    Plaintiff,<br><br>v.<br><br>WESTGATE RESORTS, INC.,<br><br>    Defendant. | Case No. 4:21-cv-01145 |

## COMPLAINT

**NOW COMES** Plaintiff, Tricia L. Royal, by and through her undersigned counsel, complaining of Defendant, Westgate Resorts, Inc., as follows:

## NATURE OF ACTION

1. This action seeks redress for Defendant's violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Ann. § 392 *et seq.*

## PARTIES

2. Tricia L. Royal ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Fort Worth, Texas.

3. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

4. Plaintiff is a "consumer" as defined by Tex. Fin. Code Ann. § 392.001(1).

5. Westgate Resorts, Inc. ("Defendant") is a corporation organized within Florida.

6. Defendant maintains its principal place of business at 5601 Windhover Drive, Orlando, Florida, 32819.

1

7. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

8. Defendant is a "debt collector" as defined by Tex. Fin. Code Ann. § 392.001(6) as it directly or indirectly engages in debt collection.

## FACTUAL ALLEGATIONS

9. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 0006.

10. At all times relevant, Plaintiff's number ending in 0006 was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

11. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

12. In October 2020, Plaintiff obtained a timeshare through Defendant.

13. For months, Plaintiff made the monthly required payment.

14. In December 2020, suffering financial hardship due to the Covid-19 pandemic, Plaintiff missed her payment.

15. Soon thereafter, Defendant started calling Plaintiff in an effort to collect the missed payment.

16. On multiple occasions, Plaintiff answered Defendant's calls and was met by an approximate three-second pause prior to being connected to a live agent.

17. In December 2020, Plaintiff answered a telephone call and informed the representative that she was irritated by the auto-dialed telephone calls and demanded that the telephone calls stop.

18. After December 2020, Plaintiff was able to resume timely monthly payments to Defendant.

19. However, in August 2021, Plaintiff again fell behind on her monthly payment.

20. Thereafter, Defendant starting calling Plaintiff in an effort to collect on the missed payment.

21. Frustrated with the incessant telephone calls, Plaintiff spoke with a representative in September 2021.

22. During this telephone call, Plaintiff informed Defendant that their automated system was still repeatedly calling her, despite her request that the telephone calls cease. Plaintiff then asked to speak with a supervisor and immediately Defendant disconnected the telephone call.

23. Despite Plaintiff's requests that the collection calls cease, Defendant continued placing harassing collection calls to Plaintiff's cellular phone.

24. Specifically, on October 6, 2021 and October 7, 2021, Plaintiff received five telephone calls per day.

25. Plaintiff's requests fell on deaf ears again and Defendant continued placing harassing collections calls to Plaintiff, including calls from the phone numbers (407) 992-7837 and (407) 992-7821.

26. In total, Defendant placed no less than 100 harassing phone calls to Plaintiff after Plaintiff initially requested that Defendant cease contact with her.

## **DAMAGES**

25. Defendant's harassing phone calls have severely disrupted Plaintiff's everyday life and overall well-being.

26. Defendant's harassing calls have caused Plaintiff damages, including, aggravation that accompanies frequent unwanted phone calls, anxiety, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, wear and tear to Plaintiff's

cellular phone, temporary loss of use of Plaintiff's cellular phone, invasion of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge Plaintiff's cellular telephone as a result of increased usage of Plaintiff's telephone services, and wasting Plaintiff's time.

27. Moreover, each time Defendant placed a telephone call to Plaintiff, Defendant occupied Plaintiff's cellular phone such that Plaintiff was unable to receive other phone calls or otherwise utilize her cellular phone while her phone was ringing.

## CLAIMS FOR RELIEF

### COUNT I
**Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq.*)**

28. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

29. The TCPA defines ATDS as "equipment which has the *capacity*—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

30. Upon information and belief, the system used by Defendant to place calls to Plaintiff has the capacity to use a random or sequential number generator to determine the order in which to pick phone numbers from a preloaded list of numbers of consumers that are allegedly in default on their payments.

31. Accordingly, the system employed by Defendant has the *capacity* – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.

32. Defendant violated 47 U.S.C. § 227 (b)(1)(A)(iii) by placing no less than 100 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone, utilizing an ATDS without Plaintiff's consent.

33. As pled above, Plaintiff revoked consent to be called on her cellular phone on multiple occasions during answered calls.

34. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

35. Upon information and belief, Defendant has no system in place to document whether it has consent to contact consumers on their cellular phones.

36. Upon information and belief, Defendant has no policies and procedures in place to honor consumers' requests that collection calls cease.

37. Upon information and belief, Defendant knew its collection practices violated the TCPA, yet continued to employ them in order to maximize efficiency and revenue.

38. As a result of Defendant's violations of 47 U.S.C. §227(b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

39. As a result of Defendant's knowing and willful violations of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

**WHEREFORE**, Plaintiff requests the following relief:

A. a finding that Defendant violated 47 U.S.C. § 227 *et seq.*;

B. an award of statutory damages of at least $500.00 for each and every violation;

C. an award of treble damages of up to $1,500.00 for each and every violation; and

D. an award of such other relief as this Court deems just and proper.

## COUNT II
### Texas Debt Collection Act (Tex. Fin. Code Ann. § 392 *et seq.*)

40. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of Tex. Fin. Code Ann § 392.302

41. Subsection 392.302(4) of the Texas Finance Code provides:

[i]n debt collection, a debt collector may not oppress, harass, or abuse a person by:

   (4) causing a telephone to ring repeatedly or continuously, or making repeated or continuous telephone calls, with the intent to harass a person at the called number.

Tex. Fin. Code Ann. § 392.302(4).

42. Defendant violated Tex. Fin. Code Ann. § 392.302(4) by continuing to place phone calls to Plaintiff after Plaintiff requested that Defendant cease all contact with Plaintiff.

43. Defendant's continuous phone calls were made with intent to harass Plaintiff and coerce payment.

44. Plaintiff may enforce the provisions of Tex. Fin. Code Ann. § 392.302(4) to Tex. Fin. Code Ann. § 392.403, which provides:

(a) A person may sue for:

   (1) injunctive relief to prevent or restrain a violation of this chapter; and

   (2) actual damages sustained as a result of a violation of this chapter.

(b) A person who successfully maintains an action under Subsection (a) is entitled to attorney's fees reasonable related to the amount of work performed and costs.

**WHEREFORE**, Plaintiff requests the following relief:

A.  a finding that Defendant violated Tex. Fin. Code Ann. § 392.302(4);

B.  an award of injunctive relief pursuant to Tex. Fin. Code Ann. § 392.403(a)(1);

C.  an award of actual damages in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(a)(2);

D.  an award of reasonable attorney's fees and costs in an amount to be determined pursuant to Tex. Fin. Code Ann. § 392.403(b); and

E.  an award of such other relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Date: October 13, 2021                                              Respectfully submitted,

**TRICIA L. ROYAL**

By: */s/ Marwan R. Daher*

Marwan R. Daher, Esq.
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com